[638 NYS2d 971]

In the Matter of HAROLD HANS SEIKEL, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 11, 1996

**APPEARANCES OF COUNSEL**

*Frank A. Finnerty, Jr.,* Syosset *(Robert P. Guido* of counsel), for petitioner.

*Edward J. Mulhern,* Carle Place, for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with 11 allegations of professional misconduct. The Special Referee sustained all 11 charges. The Grievance Committee moves to confirm the findings of the Special Referee and to impose such discipline upon the respondent as the Court deems just and proper. The respondent has submitted an affirmation requesting that the Court impose such discipline as the Court may deem just and proper under the circumstances.

Charge One alleged that the respondent neglected a legal matter entrusted to him.

In or about August 1991, Henry J. Hausch retained the respondent to foreclose on a mortgage which secured a loan Hausch had made to Martin and Loretta Herbstman in the principal amount of $105,000. On or about August 21, 1991, the respondent received a check in the amount of $600 from Henry J. Hausch. The sum represented the respondent's prior requests for a retainer and disbursements. On or about November 1, 1991, the respondent drafted a summons and complaint to commence a foreclosure action on behalf of Henry J. Hausch in the Supreme Court, Suffolk County. On or about January 14, 1992, Henry J. Hausch affixed his verification to the summons and complaint. On or about January 24, 1992, the respondent served the summons and verified complaint upon the named defendants. On or about January 30, 1992, he filed proof of service with the Suffolk County Clerk and purchased an index number for the action. No answer or other appearance was thereafter interposed by the defendants. The respondent has since failed to seek a default judgment against the defendants or to otherwise pursue available legal remedies affecting the interests of his client.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]).

Charge Two alleged that the respondent wrongfully commingled funds belonging to another person with his own funds.

On or about February 3, 1992, the respondent received a check from Henry J. Hausch in the amount of $9,576.29, payable to the respondent and entrusted to the respondent for the purpose of satisfying any existing tax liability affecting the mortgaged premises. On or about February 3, 1992, the respondent endorsed and deposited that check into his operating ac-

count, which account contained personal funds belonging to the respondent.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 9-102 (A) (22 NYCRR 1200.46 [a]).

Charge Three alleged that the respondent has failed to properly deposit into a special account funds entrusted to him by a client in violation of Code of Professional Responsibility DR 9-102 (B) (1) (22 NYCRR 1200.46 [b] [1]).

Charge Four alleged that the respondent wrongfully converted client funds to his own use and benefit in violation of Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46).

On or about February 10, 1992, the respondent drew a check against his operating account in the amount of $2,053.64, payable to the Receiver of Taxes of Suffolk County. The respondent delivered that check to the Receiver of Taxes on behalf of Henry J. Hausch to partially satisfy the outstanding tax liability of the mortgaged premises. No further disbursements were made by the respondent on behalf of Henry J. Hausch from the balance of $7,522.65, which remained entrusted to the respondent in his operating account.

On April 17, 1992, the balance in the respondent's operating account fell to $2,331.98.

Charge Five alleged that the respondent engaged in conduct involving dishonesty in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]), by virtue of the conduct set forth in Charge Four.

Charge Six alleged that the respondent engaged in conduct that adversely reflects on his fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (A) (7) (now [8]) (22 NYCRR 1200.3 [a] [7] [now (8)]), by virtue of the aforesaid misconduct.

Charge Seven alleged that the respondent failed to designate his attorney escrow account in a manner sufficient to distinguish it from his other account, including his operating account, in violation of Code of Professional Responsibility DR 9-102 (B) (22 NYCRR 1200.46 [b]).

Charge Eight alleged that the respondent failed to maintain required bookkeeping records of deposits into his operating account. Nor did he maintain and preserve duplicate slips for his operating account.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 9-102 (D) (1) and (8) (22 NYCRR 1200.46 [d] [1], [8]).

Charge Nine alleged that the respondent submitted to the Grievance Committee materially false and misleading information in connection with an investigation of the complaint filed against him, which forms the basis of Charges One through Eight.

In or about September 1993, the Grievance Committee commenced an investigation into the respondent's conduct based upon a complaint filed by Vivian Hausch, the daughter of Henry J. Hausch, regarding the respondent's handling of the foreclosure matter described in Charge One. Henry J. Hausch died on March 29, 1993. By letter to the respondent dated December 6, 1993, the Grievance Committee requested that the respondent submit the following information: an accounting of all funds paid to the respondent by Henry J. Hausch; and copies of the respondent's bank and bookkeeping records evidencing the receipt, deposit, preservation and disbursement of such funds, including monthly bank statement, covering the entire time period for which the respondent held funds on Hausch's behalf.

In his letter to the petitioner, dated December 20, 1993, in response to the petitioner's request, the respondent submitted copies of records pertaining to the escrow account rather than the operating account into which the respondent actually deposited the funds belonging to Henry J. Hausch. The letter stated, in pertinent part: "We are forwarding to you copies of the bank statements for the years 1992/1993 on our escrow account which indicates a surplus at all times, and relative [to] the escrows handled."

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]).

Charge Ten alleged that the respondent violated Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]) by reason of the misconduct set forth in Charge Nine.

Charge Eleven alleged that the respondent engaged in conduct that adversely reflects on his fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (A) (7) (now [8]) (22 NYCRR 1200.3 [a] [7] [now (8)]).

After reviewing the respondent's admissions of fact, all of the evidence adduced, and the reasonable inferences to be

drawn therefrom, we find that the Special Referee properly sustained all 11 charges of professional misconduct. Accordingly, the petitioner's motion to sustain the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we have taken into consideration the respondent's assertions that the underlying events transpired at a time when his wife was terminally ill and he was paying little attention to the affairs of his office. Moreover, the respondent made financial restitution to the daughter of his deceased client, along with the nominal legal fee, upon being apprised of the complaint. The respondent further introduced into evidence his escrow book, which reflects fastidious attention to escrow records over a long period of time, and a number of character references. The respondent has, however, been the recipient of five Committee-level sanctions between May 18, 1984 and January 17, 1992.

Under the totality of circumstances, the respondent is disbarred.

Mangano, P. J., Bracken, Balletta, Rosenblatt and Joy, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Harold Hans Seikel, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Harold Hans Seikel is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.